UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VARSITY GOLD, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>ERIC BIGHAM, individually; et al.,<br><br>    Defendants. | CASE NO. C06-509RSM<br><br>ORDER ON PENDING DISCOVERY MOTIONS |

This matter is before the Court for consideration of two discovery motions filed by defendants: a motion for a protective order (Dkt. # 62), and a motion to compel (Dkt. # 66). Having reviewed both motions, the responses and replies, the Court deems oral argument unnecessary, and now finds and rules as set forth below.

I. <u>Motion for a Protective Order</u>

Defendants filed this motion on November 15, 2006, properly noting it for November 28, 2006, as a "seven-day" motion under Local Rule CR 7(d)(2)(D). As a threshold matter, defendants assert that plaintiff's opposition, filed November 24, 2006, was untimely and should not be considered. Pursuant to the local rule, plaintiff's response was due three days before the noting date. As this time period is less than eleven days, under F.R.Civ.Proc. 6(a), only "judicial" days are counted, excluding weekends and

ORDER ON PENDING DISCOVERY
MOTIONS 1

holidays. Counting back three judicial days from Tuesday, November 28 would make the opposition due the previous Thursday, November 23. As this day was itself a holiday, defendants contend that it should be excluded from the "three-day" computation, making the response due the previous day, on Wednesday, November 22. However, this interpretation conflicts with the earlier directive in Rule 6 that when a due date for a response falls upon a day that the courthouse is closed, the response is due the following day, which would be Friday, November 24.

Defendants contend that interpreting the rule in this way would unfairly deprive them of the time for filing a reply. However, defendants as the moving party originally chose the noting date for their motion, and could have anticipated this result. Had defendants believed they were prejudiced, they could have requested an additional day to file a reply. This Court has consistently followed the rule that when a due date falls on a holiday, the filing date is extended to the next judicial day, not a previous one. The Court has also, upon request, routinely granted additional time for filing a reply when the response time was reduced by application of the rule. Defendants did not request additional time of the Court, and it appears that they were not prejudiced in their ability to file a reply. Their request that the Court find plaintiff's opposition untimely is therefore denied.

Turning to the motion for a protective order itself, the Court finds that defendants have failed to meet the certification requirement of Rule 26(c), pursuant to which this motion for a protective order has been brought. The relevant section states that such motion must be "accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." F.R.Civ.Proc. 26(c). The "good faith" aspect of defendants' attempt to confer shall be addressed below, in relation to defendants' motion to compel. As to the motion for a protective order, even without reaching the question of good faith, the Court finds that defendants did not confer at all with respect to the subject matter of the dispute.

Defendants' certification statement is that "[o]n Tuesday afternoon, November 14th, the Bighams conferred with Varsity Gold counsel and were unable to resolve **the issue here**." Motion for Protective Order, Dkt. # 62, p. 6 (emphasis added). The copies of the electronic correspondence ("e-mails")

ORDER ON PENDING DISCOVERY
MOTIONS 2

between counsel, filed by both parties here, demonstrate that while defendants did request a Rule 37 discovery conference, the proposed subject of that conference was plaintiff's interrogatory responses. *See*, Declaration of David Lowe, Dkt. # 79, Exhibit B ("with regards to your responses, I anticipate a CR conference to address incomplete or completely absent responses. . . ") ("as to the Rule 37, it does not appear premature at least with regards to interrogatory responses"); Exhibit D ("As your schedule appears to prevent a prompt CR 37 conference with regards to your interrogatory responses, please consider this email my attempt to confer with you . . . ."). Nowhere did defendants mention a request for a protective order regarding their own document production as a basis for the Rule 37 conference (which, as shown below, was not ever held).

Thus, defendants' certification statement that they conferred with plaintiff on November 14th to resolve the issues presented in the motion for a protective order is not correct. In the absence of a proper showing of compliance with the Rule 26(c) certification requirement, defendants' motion (Dkt. # 62) is DENIED.

II. Motion to Compel

In this motion, defendants seek to compel full and complete responses to their first set of interrogatories and requests for production. The Court upon review of the written correspondence exchanged between counsel finds that it cannot reach the merits of this motion, because defendants have failed to meet the Rule 37 certification requirement.

Rule 37 states, in relevant part, that a motion to compel "**must** include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." F.R.Civ.P. 37(a)(2)(B) (emphasis added). The companion local rule requires that such good faith conference must be either face-to-face or by telephone. Local Rule CR 37(a)(2)(A).

Defendants' certification states that they "hav[e] made best efforts to confer with Varsity Gold pursuant to Fed.Rule Civ.P. 37(a)(2)(B) and Local Rule 37(a)". The copies of electronic communications exchanged between counsel in the relevant time period demonstrate otherwise.

ORDER ON PENDING DISCOVERY
MOTIONS 3

Defense counsel first mentioned scheduling a Rule 37 conference to address plaintiff's discovery responses on Tuesday, November 7, asking that it be set for Thursday, two days later. Declaration of David Lowe, Dkt. # 86, Exhibit B. Within twenty minutes, opposing counsel David Lowe responded that his schedule did not permit scheduling the conference during that same week. *Id*. Defense counsel Pat Pearce wrote back three hours later, asking what time plaintiff's counsel could schedule the conference on the following Monday or Tuesday, November 13 or 14.[1] *Id*. Mr. Lowe responded the following day that he would have time available in the afternoon of Tuesday, November 14, and asked defense counsel to advise him if he wished to schedule a conference at that time. Dkt. # 86, Exhibit C. Instead of suggesting a time on Tuesday afternoon as offered, Mr. Pearce responded late that afternoon with the following message:

> As your schedule appears to prevent a prompt CR 37 conference with regards to your interrogatory responses, please consider this email my attempt to confer with you in an effort to avoid having to secure the information through court action. As we are both unavailable Friday, I am providing this to you today, Wednesday the 8th, so that you may provide me with your responses to my concerns by the end of the day tomorrow, Thursday the 9th. This should be enough time for you to respond and any further delay would seem unnecessary and dilatory.

Dkt. # 86, Exhibit D. This e-mail gave opposing counsel only twenty-four hours to respond. Mr. Lowe did respond with a reminder that Rule 37 requires a good faith in-person or telephonic conference. *Id*. The same message reminded Mr. Pearce that a time had been proposed for a conference on the following Tuesday afternoon, but he had refused to respond to the offer. *Id*. That evening, defense counsel sent another message stating, "You are wrong on what CR 37 requires. I suggest you review the rule and point me to the part that requires an in person or telephonic conference." *Id*. The following day, Thursday, defense counsel admitted his mistake on that point, and asked that counsel "give me your times for Tuesday, preferably in the morning." *Id*. However, defense counsel had already been advised that opposing counsel David Lowe was unavailable (by telephone or e-mail) on Thursday and through the

---

[1] Friday, November 10 was a federal holiday for Veterans' Day, a fact that was noted later by defense counsel in deferring his own production of documents until Monday, November 13. Dkt. # 86, Exhibit F ("Accordingly, David, I will have to refuse your request to produce documents tomorrow. Regrets.")

ORDER ON PENDING DISCOVERY
MOTIONS 4

long weekend. Defense counsel then began e-mailing Mr. Lowe's co-counsel, asking that he conduct the CR 37 conference in place of Mr. Lowe that same day. *Id*. Co-counsel responded that he was not familiar with the discovery issues, and he believed it could wait until Tuesday. *Id.*

The following Monday, November 13, defense counsel e-mailed Mr. Lowe's assistant Sarah Gist, asking to schedule the CR 37 conference on Tuesday at 11:30 or as close to that time as possible. Dkt. # 86, Exhibit G. Ms. Gist responded right away, saying that Mr. Lowe had a matter at 11:00 and it would be better to schedule the conference for the afternoon. Dkt. # 86, Exhibit H. Defense counsel wrote back and asked to schedule the conference at 10:30, saying that the afternoon "is not a good option", but without explaining why. *Id*. Ms. Gist responded that she needed to reach Mr. Lowe to schedule the matter, and defense counsel responded that he strongly preferred to confer in the morning, but that, "[i]f there are no possible times other than the afternoon, then let me know what times work then and I'll see if I can adjust my schedule." *Id*. Late on Monday afternoon, Ms. Gist wrote back to say she had been unable to reach Mr. Lowe but would firm up a time for the conference the following day. Defense counsel then re-iterated his expectation that the conference would take place on Tuesday. *Id.* Minutes later, Ms. Gist wrote that she had reached Mr. Lowe, and that he was available Tuesday afternoon "between 3:00 and 4:30 to discuss both parties' production." She asked defense counsel to let her know "if this timeframe will work for you as well." *Id*. Defense counsel's response states, in its entirety, "Works for me, yes." *Id*. Ms. Gist replied early the next morning, Tuesday: "Great. We will wait for your call at 3:00 p.m." *Id*. Defense counsel did not respond to controvert this expectation.

The parties agree that defense counsel did not call in at 3:00. Mr. Lowe attempted to call him to initiate the conference at 3:10, but Mr. Pearce was not available. Mr. Lowe left a message that he was awaiting a call. Dkt. # 86, ¶ 12. Mr. Lowe waited until 4:20 pm, and then took a conference call from another client. He was on the telephone until 5:30 pm. *Id*.

At 4:22 pm, defense counsel responded to Ms. Gist's e-mail from that morning, saying that he did not agree to call at 3:00; he agreed to call sometime between 3:00 and 4:30, and was now calling to conduct the conference. Dkt. # 86, Exhibit I. His call to Mr. Lowe at 4:22 pm was met with a busy

ORDER ON PENDING DISCOVERY
MOTIONS 5

signal. Defense counsel called and e-mailed several more times over the next few minutes, but Mr. Lowe's line was still busy. *Id.* Defense counsel also called Ms. Gist and discussed Mr. Lowe's availability with her; the tone of his call is described by her in her declaration. Declaration of Sarah Gist, Dkt. # 87. Ms. Gist, on the phone and by e-mail at 4:54 pm, offered to re-schedule the conference for Thursday, November 16, but defense counsel did not know if he wanted to reschedule. *Id.*, ¶ 8; Dkt. # 86, Exhibit I. Later that evening, Mr. Lowe sent an e-mail to defense counsel, repeating the offer to re-schedule the conference for Thursday morning. Defense counsel did not respond to that offer, and instead filed this motion to compel on November 16, asserting the he had made a good faith effort to meet and confer pursuant to Rule 37.

The Court has set forth the communications between counsel in detail, because defendants have requested oral argument on this motion. The Court deems it unnecessary to consume additional time of counsel and the Court in oral argument, because the e-mails speak for themselves. These e-mails, and the accompanying declarations, demonstrate that: (1) both counsel agreed to conduct the Rule 37 conference in the "timeframe" from 3:00 to 4:30 pm on Tuesday, November 14; (2) Ms. Gist advised defense counsel at 9:03 that morning that they would expect his call at 3:00; (3) defense counsel did not respond to Ms. Gist's e-mail, did not call in at 3:00, was not in his office at 3:10 when Mr. Lowe called him, and by his own declaration was not back in his office and ready to initiate the conference call until 4:21 pm; (4) Mr. Lowe was available to take the call from 3:00 until 4:20 pm; and (5) Mr. Lowe and his assistant both offered to re-schedule the conference for Thursday morning but defense counsel did not respond to either offer.

Nowhere has defense counsel explained why he did not respond to the e-mail saying opposing counsel would expect his call at 3:00. Nor has he explained why he was out of the office and unavailable by telephone until 4:21 pm on Tuesday, at the very end of the agreed "timeframe". Under these circumstances, and in the context of the e-mail exchanges in which defense counsel asked for the conference as early on Tuesday as possible, it was reasonable for Mr. Lowe to assume that the conference would begin close to 3:00. Conversely, it was unreasonable for defense counsel to assume

ORDER ON PENDING DISCOVERY
MOTIONS 6

that the agreement on a "timeframe" meant that the conference could begin at 4:21 and be concluded by 4:30. His assertion that opposing counsel unilaterally modified the agreed time frame for the conference is wholly without basis.

For these reasons, the Court finds that defense counsel did not make a good faith effort to meet and confer prior to filing this motion to compel. Accordingly, the motion (Dkt. # 66) is DENIED pursuant to F.R.Civ.P. 37(a)(2)(B) and Local Rule CR 37(a)(2)(A).

III. Expenses and Sanctions

Pursuant to Rule 37, when a motion to compel is denied, the Court shall, after affording an opportunity to be heard, require the moving party or attorney, or both, to pay to the opposing party the reasonable expenses incurred in bring the motion, unless the Court finds that the bringing of the motion was substantially justified, or other circumstances make an award of expenses unjust. F.R.Civ.Proc. 37(a)(4)(B). This provision applies to a motion for a protective order as well. F.R.Civ.Proc. 26(c).

Here, because the Court did not reach the merits of either motion, it cannot be determined whether defendants were substantially justified in bringing them. The Court's finding of no good faith effort to meet and confer weighs in favor of a finding that the motions were brought prematurely, but is not determinative as to justification. Accordingly, the Court directs the parties to file, within two weeks of this date, supplemental briefing on the issues of justification and other factors which might make an award of expenses unjust. Such supplemental memoranda shall be limited to twelve pages each, including all attached declarations or other materials.

Dated this 19th day of January, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE