UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VARSITY GOLD, INC.,

        Plaintiff,

        v.

ERIC BIGHAM, et al.,

        Defendants.

CASE NO. C06-0509RSM

ORDER ON MOTION FOR RECONSIDERATION

Defendants have moved for reconsideration of the Court's January 19, 2006 Order on Pending Discovery Motions. Dkt. # 96. Such motions are disfavored and will be denied in the absence of "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier. . . ." Local Rule CR 7(h)(1). The Court deems it unnecessary to direct a response to this motion.

Defendants have demonstrated neither manifest error, nor any new facts or legal authority. Indeed, defendants have made no argument in the motion for reconsideration itself, but rather have referred to arguments set forth in a separate memorandum. Dkt. # 94. There, in addition to re-arguing matters that were set forth previously, defendants assert that "the Court cites only to facts as argued and presented by Varsity Gold." Memorandum re: Justification, Dkt. # 94, p. 2. This assertion is incorrect. The Court's recitation of the facts was drawn directly from the e-mails which were provided by both parties. Those e-mails speak for themselves. In citing to any particular e-mail, the Court could in most

ORDER ON MOTION FOR
RECONSIDERATION - 1

cases have cited to either plaintiff's or defendants' exhibits.  The specific citation to which defendants object was indeed an exhibit provided by plaintiff.  However, the language quoted by the Court from that exhibit was defense counsel's own written words.  Defendants cannot dispute the facts demonstrated by that exhibit, nor claim unfairness from the Court's citation to it.

Defendants also assert that the Court erred in stating that, in counsel's words, " 'Nowhere' . . . did undersigned counsel explain his unavailability from the morning until the afternoon of the day set for the conference."  Memorandum re: Justification, p. 2.  Counsel then points to specific places in the record where he mentioned that he was in the law library that day.  However, counsel has incorrectly quoted the language of the Order and changed the meaning.  The order actually stated, "Nor has [counsel] explained why he was out of the office and unavailable by telephone until 4:21 pm on Tuesday. . ."  Order, Dkt. # 93, p. 6.  The Court is aware that counsel stated he was in the law library that day.  However, that fact does not explain why it was necessary to be in the law library past 3:00,  or why counsel could not have himself placed the conference call during the agreed time frame from the law library or by cell phone.  The thrust of the Court's language is that counsel had given no reason to justify his absence from the office other than his own choice to be elsewhere.

As defendants have failed to demonstrate manifest error in the prior ruling, or any new facts or legal authority which could not have been brought forth earlier, the motion for reconsideration is DENIED.

Dated this 16th day of February, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION FOR
RECONSIDERATION - 1