1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VARSITY GOLD, INC.,

          Plaintiff,

          v.

ERIC BIGHAM, individually; et al.,

          Defendants.

CASE NO. C06-509RSM

ORDER ON PENDING DISCOVERY
MOTIONS

17    This matter is before the Court for consideration of two discovery motions filed by defendants: a

18 motion regarding the sufficiency of responses to defendants' Request for Admissions  (Dkt. # 116), and a

19 motion to compel (Dkt. # 118).  Having reviewed both motions, together with the responses and replies,

20 the Court deems oral argument unnecessary, and now finds and rules as set forth below.

21    **I.  <u>Motion Regarding Sufficiency of Responses</u>**

22    Defendants assert that plaintiff's answers to specific Request for Admissions1, namely Nos. 6

23 through 13, No. 15, and Nos. 17 through 19, are evasive and incomplete, and that an Order should issue

24 that they are therefore deemed admitted.   Plaintiff has opposed this motion as to each response.  The

25 Court shall consider them individually.

26
27

ORDER ON PENDING DISCOVERY
28 MOTIONS - 1

1.  **Request for Admission No. 6**.

Defendants request that plaintiff admit that

> prior to the Washington State school coaches signing the Varsity Gold fundraising program agreements at issue in this litigation, the school boards corresponding to those schools were not contemporaneously provided by Varsity Gold with information detailing all material facts of the fundraising program agreements.

Varsity Gold Supplemental Response, Dkt. # 117-2.   In response, plaintiff asserted, among other objections, that the request was ambiguous, especially with respect to what facts would be deemed "material facts".   Nevertheless, plaintiff answered, subject to amendment should defendants identify specific facts as "material facts", that it believed all material facts were provided and therefore the request for admission was denied.  *Id*.

The question of what facts are "material" to the fundraising program agreements is a subjective one.  The request for admission as posed required plaintiff to either guess at what facts defendants considered material, or define them on its own.   As defendants did not specify what "material facts" they felt should be provided to the school boards, plaintiff's response is sufficient.

2.  **Request for Admission No. 7**.

Defendants ask plaintiff to admit that

> prior to the Washington State school coaches signing the Varsity Gold fundraising program agreements at issue in this litigation, the school boards corresponding to those schools did not explicitly communicate to Varsity Gold that the coaches were authorized to enter into contracts for goods and services.

*Id*.  Plaintiff objected that certain terms, such as "explicitly communicate" are ambiguous.  Then, without waiving objections, plaintiff posed definitions of "school board" and "explicitly communicate" and denied the request.  Plaintiff also stated that if the terms were defined more narrowly, the request would be admitted.  *Id*.  This response fully answers the question as plaintiff understood the terms, and is deemed sufficient.

3.  **Request for Admission No. 8**.

Defendants request that plaintiff admit that

> after the Varsity Gold fundraising program agreements at issue in this litigation were signed by the Washington State school coaches, the fundraising program agreements were not

ORDER ON PENDING DISCOVERY
MOTIONS - 2

formally presented to the school boards corresponding to those schools for adoption or ratification.

*Id*.  Plaintiff responds to this request by objecting that it requires information from  third parties, namely the various school boards.   Thus, the request calls for information that is not within plaintiff's knowledge.  The Court finds that although limited third-party discovery may at times be called for, it would be unreasonable to require it here in light of the number of schools involved.  Plaintiff's answer is therefore sufficient.

### 4.  Request for Admission No. 9.

Here, defendants request that plaintiff admit

that open and public meetings in accordance with the Washington Open Public Meetings Act were not held by Washington State schools or [sic] order to ratify the Varsity Gold fundraising program agreements at issue in this litigation signed by Washington state school coaches.

*Id*.  Plaintiff responded that it was unable to either admit or deny this request, because it calls for a legal conclusion regarding compliance with the Open Public Meetings Act, as well as information held by third parties, the schools.  The Court finds that this answer is reasonable and sufficient.

### 5.  Request for Admission No. 10.

Defendants ask that plaintiffs admit

that Varsity Gold has no evidence that the school boards corresponding to the Washington State schools explicitly and expressly ratified the Varsity Gold fundraising program agreements at issue in this litigation signed by the Washington State school coaches.

*Id*.  As this request concerns evidence within plaintiff's possession, rather than information in the possession of a third party, it is possible for plaintiff to respond.   Plaintiff did in fact respond to this request in two ways, one an admission and one a denial, depending on the definition of critical terms in the request.   The Court finds this answer both appropriate and sufficient under the circumstances.

### 6.  Request for Admission No. 11.

In this request, defendants ask that plaintiffs admit that

the school boards corresponding to the Washington State schools did not explicitly and expressly ratify the Varsity Gold fundraising program agreements at issue in this litigation signed by the Washington state school coaches.

ORDER ON PENDING DISCOVERY
MOTIONS - 3

*Id.*   The request, unlike the previous one, calls for plaintiff to draw a legal conclusion based on information held by a third party.  Plaintiff's response that it lacked sufficient information to either admit or deny this request is appropriate and sufficient.

### 7.  Requests for Admission No. 12 and 13.

In each of these requests, defendants ask that plaintiff make certain admissions regarding Elmer Bigham's role in negotiating agreements with the schools.  The parties apparently disputed over the meaning of the term "negotiate".  Plaintiff then provided responses, denying in both cases the request for admission, based on its own broad definition of the term.  *Id.*  To any extent that defendants object to this, they may re-state the two requests for admission, providing their own definition of the term "negotiate".

### Request for Admission No.  15.

In this request, defendants ask for admissions regarding Elmer Bigham's actions.  Plaintiff responded that because discovery was not complete, it had not yet deposed Elmer Bigham.  Therefore plaintiff had insufficient information from which to respond.  *Id.*   The Court finds that this answer was appropriate.  Plaintiff has offered to supplement the response following the deposition, and defendants may so request.

### 8.  Requests for Admission No. 17, 18, and 19.

In all three requests, defendants ask that plaintiff admit to various actions taken by plaintiff to obtain information about Elmer Bigham's involvement in negotiations with specific schools before naming him as a defendant in this action.   Since the request went to plaintiff's actual actions, no further discovery was necessary on this point.   However, in each case, plaintiff objected that a term such as "negotiation" or "involvement in selling or persuading" was unclear and capable of varying interpretations.  *Id*   In each case, plaintiff then defined the term broadly, to include "any manner of participation" in negotiation or selling, and denied the request for admission .  *Id.*  The Court finds that these denials are neither evasive nor inadequate.

As the Court has found plaintiffs' answers to the Request for Admissions sufficient, subject to

ORDER ON PENDING DISCOVERY
MOTIONS - 4

supplementation in three cases, defendants' motion regarding the sufficiency of the responses (Dkt. # 116) is GRANTED IN PART and DENIED IN PART.

## II.  <u>Motion to Compel</u>

In this motion, which is defendants' second motion to compel, they  seek to compel "full and complete responses" to their first set of interrogatories and requests for production.   A previous motion was denied for failure to satisfy the meet and confer requirements of  F.R.Civ.P. 37(a)(2)(A) and  Local Rule CR 37(a)(2)(A).  Dkt. # 93.   In the renewed motion, counsel states that the parties conducted discovery conferences on March 2 and April 4, 2007, arguably fulfilling the certification requirement. However, nowhere in the motion do defendants identify any specific interrogatory or document request which remains unanswered.   Even in defendants' proposed order, they request simply that plaintiff be ordered to provide "full and complete responses to both interrogatories and requests for production within ten day of the date of this Order."  Dkt. # 118, attachment.   Plaintiff in response notes that the motion was filed before defendants reviewed the approximately one thousand pages of documents recently provided.   Defendants do no rebut this statement in reply, but assert that the documents were purposely provided late to deprive them of time to review them.

In the absence of any identification of specific deficiencies in the interrogatory responses or document production which can be reviewed by the Court, or defended by plaintiff, defendants' motion cannot be addressed by the Court.  The motion to compel (Dkt. # 118) is accordingly DENIED.

## III.  Attorneys' Fees and Costs.

Pursuant to Rule 37, when a discovery motion is denied, the Court shall, after affording an opportunity to be heard, require the moving party or attorney, or both, to pay to the opposing party the reasonable expenses incurred in bringing the motion, unless the Court finds that the bringing of the motion was substantially justified, or other circumstances make an award of expenses unjust. F.R.Civ.Proc. 37(a)(4)(B).

Although defendants' motion regarding sufficiency of the responses (Dkt. #116) was substantially denied,  the Court finds that defendants were sufficiently justified in bringing this motion and fees should

ORDER ON PENDING DISCOVERY
MOTIONS - 5

not be awarded.   However, as to the motion to compel (Dkt. #118), the Court finds that the bringing of this motion was not substantially justified, for the reasons stated in the Court's denial of that motion. Accordingly, plaintiff shall submit a declaration and documentation of fees and expenses incurred in opposing this motion.  Defendants shall have two weeks after the filing of the declaration to show cause why they should not be required to pay the amount requested.

Dated this _30_ day of May, 2007.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON PENDING DISCOVERY
MOTIONS - 6